**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WARNER-LAMBERT COMPANY,
Plaintiff-Appellee,

v.

A & A CANDY & TOBACCO
COMPANY,
Defendant-Appellant.

No. 96-1334

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-95-256-WMN)

Argued: June 3, 1997

Decided: August 5, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Dunnington Clark, Catonsville, Maryland, for
Appellant. Grace Ellen Speights, MORGAN, LEWIS & BOCKIUS,
L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Timothy J.
Lockhart, MORGAN, LEWIS & BOCKIUS, L.L.P., Washington,
D.C.; John N. O'Shea, WARNER-LAMBERT COMPANY, Morris
Plains, New Jersey, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Warner-Lambert Company (Warner-Lambert) brought this action against A&A Candy & Tobacco Company (A&A) on January 26, 1995, alleging trademark infringement and unfair competition. Warner-Lambert claimed that A&A had sold various Warner-Lambert confectionary products past their freshness dates. A&A failed to answer the complaint and the district court entered a default judgment against A&A on April 5, 1995. The district court ordered A&A (1) to render within 30 days an accounting of A&A's profits from sales of Warner-Lambert products, and (2) to deliver to Warner-Lambert within 10 days all Warner-Lambert products, advertising materials, and business records in A&A's possession. A&A failed to comply with or respond to the district court's order.

On June 6, 1995, the district court ordered A&A to show cause why A&A (1) should not be held in civil contempt, (2) should not be sanctioned, and (3) should not be required to reimburse Warner-Lambert for the expenses and costs (including attorneys' fees) that Warner-Lambert incurred in obtaining the June 6th order. A&A again failed to comply with or respond to the district court's order.

On October 19, 1995, a hearing was held on Warner-Lambert's subsequent Motion for an Order Quantifying and Awarding Damages and Granting Other Appropriate Relief. Prior to the hearing, the district court ordered the parties to file any objections to testimony or documents by October 16, 1995. Characteristically, A&A failed to make objections to Warner-Lambert's claim for damages prior to the hearing.

On December 1, 1995, a Magistrate Judge issued a Report and Recommendation endorsing Warner-Lambert's request for treble damages and attorneys' fees. The Magistrate Judge determined that

Warner-Lambert suffered actual damages in the amount of $18,272, and recommended that, in light of A&A's failure to comply with district court orders (which made calculation of A&A's profits impossible), the damages should be trebled to $54,816. The Magistrate Judge also recommended that Warner-Lambert be awarded attorneys' fees and costs in the amount of $7,713.61. This figure accounted for fees and costs incurred by Warner-Lambert after May 6, 1995 -- the date A&A first failed to comply with a district court order. Finally, A&A responded by filing objections to the Magistrate Judge's Report and Recommendation. The objections were for naught, however, as the district court adopted in full the Magistrate Judge's Report and Recommendation.

On appeal, A&A argues that the district court abused its discretion in trebling the damage award. A&A also argues that the district court abused its discretion in awarding attorneys' fees to Warner-Lambert. After carefully reviewing the record, briefs, and the contentions of the parties at oral argument, and after applying the proper standard of review, we conclude that the district court did not abuse its discretion in adopting the Magistrate Judge's Report and Recommendation, trebling the damage award, and awarding attorneys' fees to Warner-Lambert. We therefore affirm the district court's order. See Warner-Lambert Co. v. A&A Candy & Tobacco Co., No. WMN-95-256 (D. Md. Jan. 29, 1996) (adopting Magistrate Judge's Report and Recommendation).

AFFIRMED

3